UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAYMOND EASLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 1:17-cv-02831-TWP-MPB |
| ) | |
| WENDY KNIGHT Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Petition for Writ of Habeas Corpus**

The petitioner filed a writ of habeas corpus challenging a prison disciplinary proceeding, CIC 17-04-0147. The respondent has filed a motion to dismiss arguing that the challenged disciplinary proceeding and the sanctions resulting therefrom have been vacated, making this action moot. For the reasons set forth below, the respondent's motion to dismiss, dkt. [8], is **granted** and this action is dismissed as moot.

The petitioner was subject to disciplinary proceeding CIC 17-04-0147. His sanctions included the deprivation of 365 days earned credit time and the demotion from credit class I to III. He filed the instant petition for a writ of habeas corpus on August 18, 2017. While the instant case was pending, the Indiana Department of Correction final reviewing authority, on November 13, 2017, vacated the petitioner's disciplinary conviction and sanctions and designated the case for rehearing.

"A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (citation and quotation marks omitted). A federal court

may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254 only if it finds the applicant "is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Therefore, a habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).

Here, the petitioner's conviction and sanctions were vacated and thus can no longer affect the duration of his custody, which makes this habeas action moot. The petitioner resists this conclusion, arguing that the IDOC had several opportunities to correct the alleged due process error—during his screening process and his administrative appeals—but failed to do so, and they should not now be allowed to do so. Even though the petitioner is correct that the IDOC could have vacated his sanctions earlier than they did, that does not change the fact that they have now done so. Because the petitioner's duration of custody is no longer impacted by the originally challenged disciplinary proceedings, a ruling by this Court regarding that disciplinary proceeding cannot impact his custody.

Accordingly, the petitioner's habeas action is moot. *See id.* An action which is moot must be dismissed for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/7/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and by U.S. mail to:

RAYMOND EASLEY
931694
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064